## Halcomb v. Ison, et al.

(Decided October 11, 1910.)

### Appeal from Letcher Circuit Court.

Judicial Sale of Land—Orders of Court—Agreement by Attorneys— Report of Commissioners—Failure to Report Evidence.—Where on appeal in a case involving the sale of a tract of land it was sent back with certain directions, &c., the attorneys in the case made a written agreement that "the commissioner should, unaccompanied by either party or their counsel, locate by actual survey the boundary of land embraced in the sale, and the improvements thereon, and make his own findings, and report to court on a day named." The commissioner made his report showing he had taken the evidence of many witnesses, but had not reduced their testimony to writing, to which exceptions were filed: "(1) Because the commissioner had failed to reduce to writing the testimony upon which his finding was based; and (2) because the various allowances to the vendees for improvements, clearing and fencing, were too high." Held, that the first exception should have been sustained, as the parties are at the mercy of the commissioner, unless the foundation of his findings is made visible by the evidence heard by him; and the

agreement by the attorneys did not waive the requirement in the order of reference that the testimony should be reduced to writing.

ROBERT BLAIR, WILSON FIELDS, and E. E. HOGG for appellant.

IRA FIELDS and D. HAYS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Reversing.

This is the second appeal in this case. The opinion on the first, is to be found in 110 S. W. 249, under the style Ison, et al. v. Halcomb. As all of the facts upon which the litigation is based are set out in the opinion on the first appeal, it will not be necessary to reproduce them with any minute particularity here. We deem it sufficient to say that David Halcomb by verbal contract sold to Grant Halcomb a tract of land in Letcher county, Kentucky, at the price of three dollars per acre. A part of the purchase price was paid cash at the time the vendee was placed in possession of the land by the vendor. Subsequently the vendee, Grant Halcomb, died, leaving several children, and his widow afterwards married William Ison, who is one of the appellees in this action. The first judgment of the trial court was reversed with the following directions: "Upon a return of the case the lower court will set aside the sale and order a survey made for the purpose of ascertaining the quantity of land in the boundary described in the petition, to which David Halcomb has expressed a willingness to execute the contract upon payment to him of the amount due on the purchase price, with interest from November 30, 1893, until paid, estimating the land to which he can make title at $3 per acre, to be credited by $118 as of November 30, 1893, and $20 as of November 30, 1897, the court will, if it is deemed best for the infants, accept from David Halcomb a deed to the widow and children, the widow to have the same interest therein as if Grant Halcomb had died the owner thereof. If the persons representing the children do not desire to pay the purchase money herein named, or the court does not deem it best for their interest, then the case may be referred to a commissioner to ascertain the value of the permanent and lasting improvements, if any, placed thereon

by Grant Halcomb and appellees, and the reasonable rental value of the land during the time they have been in possession. If there is found to be any sum due them, they will be given a lien on the land to secure the same as well as the amount of purchase money paid, viz., $138, with interest, and, if it is not paid by David Halcomb, the land will be sold to satisfy the amount found due appellees. In other words, the case will be adjudged by the chancellor according to equitable principles.''

When the case returned to the circuit court the persons representing the children elected to take the purchase money paid by their father, and return the land to their vendor, as provided by the opinion of this court. The case was thereupon referred to the commissioner to take proof as to the value of the improvements and the rental value of the land during the time Grant Halcomb and his children held possession thereof; and the commissioner was directed to reduce the evidence heard by him to writing and return the same as a part of his report. After this order of reference was made by the court the parties litigant, by their attorneys, entered into a written agreement that the commissioner should go upon the land unaccompanied by either party or their counsel, locate by actual survey the boundary of land embraced in the sale and the improvements thereon; that he should swear such witnesses as either party might suggest or as he might deem necessary; make his own findings under the order of reference, and report the same to the court on or before the 7th day of the following April term. Afterwards the commissioner made a report to the court of his findings under the order of reference, showing that he had taken the evidence of many witnesses, but that he had not reduced their testimony to writing. He found that the acreage embraced in the verbal sale was ninety-nine and eight-tenths acres; that the rental of the land for the twelve years it was held by vendees was worth fifty dollars per year, or six hundred dollars; that the vendees had cleared seventeen and one-half acres of land which was worth one hundred and seventy-five dollars, and they had cleaned up the ground each year which was worth ten dollars per year, making one hundred and twenty dollars; that they had erected fifty dollars' worth of fencing during the twelve years, and had paid forty dollars in taxes. To this report exceptions were filed (1) because the commissioner had failed to reduce to writing the testimony upon which his

report was based, and (2) because the various allowances to the vendees for improvements, clearing and fencing were too high.

We are of opinion that the first exception should have been sustained. The order of reference made by the court requires the commissioner to reduce the evidence heard by him to writing and return the same with his report. Manifestly, the parties are at the mercy of the commissioner unless the foundation of his findings is made visible by the evidence heard by him. The commissioner seems to have understood that the agreement of the parties, that he should go upon the land without the presence of counsel or the parties, waived the requirement in the order of reference that the testimony should be reduced to writing. This, clearly, was not the fact. The agreement of the parties should be limited to the actual stipulation. It must be presumed that the parties to the agreement expected the commissioner to comply with the orders of the court.

When the case returns to the circuit court the order of reference should be amended so as to show, not the actual amount expended on the improvements made, but the enhanced value of the land by reason of the improvements. If the improvements did not enhance the value of the land, clearly the vendees would not be entitled to recover what they or their father may have unnecessarily expended upon the land.

We do not consider that the infants have made an election in this case. It was clearly the intention in the former opinion that the infants should make their election with the approval of the chancellor, and that unless the chancellor was of opinion the election to take the purchase money would be for the benefit of the infants, it should not be made. When the case returns the election by the infants will be under the supervising judgment of the chancellor, and if he is of opinion that they should not take the land, then he will render judgment for whatever remains unpaid of the original purchase money, with a lien upon the land to secure its payment.

As interest is allowed upon the purchase money from the time of payment, if the infants are permitted to return the land and recover the purchase money, then interest should be allowed to the vendor upon each sale, of rent from the time it became due, until paid.

Judgment reversed for further proceedings consistent with this opinion.